IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOROTHY BARTLETT | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT SCI MUNCY PA, et al. | : | NO.  13-6779 |

O R D E R

AND NOW, this 1st day of April, 2014, upon careful and independent consideration of the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (ECF Document 1), the Report and Recommendation ("R&R") of United States Magistrate Judge Timothy R. Rice (Doc. 3), *see Bartlett v. Supt. SCI-Muncy*, 2014 WL 1022540 (E.D. Pa. Mar. 14, 2014), and petitioner's objections to Judge Rice's R&R (Doc. 5), it is hereby ORDERED that:

1. Petitioner's Objections are OVERRULED;[1]

---

[1] Under 28 U.S.C. § 636(b)(1) and Local R. Civ. P. 72.1(IV)(b), the Court makes a de novo determination of those portions of the R&R to which there are objections, and in providing for a "de novo determination," Congress intended to permit "whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place" on a magistrate judge's proposed findings and recommendations.  *United States v. Raddatz*, 447 U.S. 667, 676 (1980).  The court may accept, reject or modify, in whole or in part any of the findings or recommendations.  *Id.* at 673-74.  Here, Judge Rice found that the habeas petition was untimely, that neither statutory nor equitable tolling was warranted, and that petitioner was unable to satisfy the actual innocence exception to the statute of limitations in this case.  Petitioner's objections to the R&R challenge Judge Rice's findings with regard to the actual innocence claim.  In particular, petitioner believes that a miscarriage of justice exception to the statute of limitations applies here due to the claim of actual innocence.  As Judge Rice pointed out, *see Bartlett*, 2014 WL 1022540, at *4, the Supreme Court held in *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), that the 1-year statute of limitations applicable to § 2254 petitions can be overcome by a showing of actual innocence, *id.* at 1928.  That is, "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural [or timeliness] bar to relief."  See *Demby v. Pierce*, 2014 WL 1266362, *7 (D. Del. Mar. 25, 2014) (quoting *McQuiggin*).  A petitioner can only satisfy the "credible showing" standard for such gateway

    2. Judge Rice's Report and Recommendation is APPROVED and ADOPTED;

    3. The habeas petition under § 2254 is DISMISSED as untimely;

    4. A certificate of appealability shall not issue in that a reasonable jurist could not conclude that the Court is incorrect in dismissing the petition as time-barred.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000);

    5. The Clerk shall mark this case CLOSED.


BY THE COURT:


  s/ L. Felipe Restrepo
L. FELIPE RESTREPO
UNITED STATES DISTRICT JUDGE

---

claims with "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *House v. Bell*, 547 U.S. 518, 537 (2005); *see Demby*, 2014 WL 1266362, at *7.  The Supreme Court cautioned that "[t]o invoke the miscarriage of justice exception to [the habeas] statute of limitations, we repeat, a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *McQuiggin*, 133 S. Ct. at 1935 (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).  Furthermore, "[u]nexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *Id.*  In that petitioner fails to point to "new reliable evidence," petitioner is unable to satisfy the actual innocence exception, and the R&R is adopted.